1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

      Plaintiff,               No. CIV S-07-1107 JAM GGH P

    vs.

K. RUTHERFORD, et al.,

      Defendants,          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' July 21, 2008, motion to dismiss for failure to exhaust administrative remedies.  For the following reasons, the court recommends that defendants' motion be denied.

        42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.

1  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §

2  3084.5).  A final decision from the Director's level of review satisfies the exhaustion

3  requirement.  Id. at 1237-38.

4  However, if the subject of the prisoner's complaint is a "staff complaint," such

5  does not proceed through the ususal grievance procedures.  The remedy for such a complaint is

6  that CDCR initiate an investigation.  An inmate can receive no other relief at that time regarding

7  the staff complaint.  Brown v. Valoff, 422 F.3d 926, 937-938 (9th Cir. 2005) (not cited in

8  defendants' motion).  If relief other than is available for a staff complaint is sought, e.g., be

9  housed in protective custody, be single celled etc., then the regular three level appeal process

10  must be exhausted as for that relief.  Id at 938.  If on a staff complaint, a request is granted or

11  partially granted, i.e., an investigation is ordered, the inmate has exhausted all available remedies

12  for the staff complaint.  Id. at 937-938.

13  In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates

14  must exhaust administrative remedies, regardless of the relief offered through administrative

15  procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely

16  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

17  brought with respect to prison conditions *until* such administrative remedies as are available are

18  exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

19  Defendants argue that plaintiff failed to exhaust administrative remedies prior to

20  filing this action.  Plaintiff filed his first pleading in this action on June 11, 2007.  On July 27,

21  2007, the Director's Level Decision was issued, exhausting plaintiff's remedies.  See Attachment

22  to Motion to Dismiss.  Plaintiff filed the operative complaint on September 11, 2007.

23  In his opposition, plaintiff argues that he did not actually commence this action

24  until he filed the operative complaint on September 11, 2007, because the court ordered his first

25  pleading disregarded.  The background to this argument is as follows.

26  /////

2

On June 11, 2007, plaintiff filing a pleading titled "Affidavit of Information Felonies, High Crimes and Misdemeanors 18 United States Code 4, Federal Rules Criminal Procedure, Rule 3." The caption of this pleading stated, "William Rouser v. K. Rutherford, Lt. Hilliard, E. Sauceda, D. Kowalcyzk, Richard Subia, Silvia Garcia." The pleading began, "Affidavit in support of a Criminal Complaint." Plaintiff went on to allege that defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by falsely accusing him of supporting illegal activities as leader of the Wiccan inmate population. Plaintiff also claimed that defendants stole his religious property.

On August 8, 2007, the court issued an order stating that in order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure and either pay the filing fee or file an in forma pauperis application. The order also stated, "[t]he court will not issue any orders granting or denying relief until an action has been properly commenced." The court then ordered plaintiff's June 11, 2007, affidavit disregarded and granted him thirty days to file a complaint and to either pay the filing fee or file an in forma pauperis application.

On September 11, 2007, plaintiff filed a complaint. Plaintiff alleged that defendants falsely accused him supporting illegal activities as leader of the Wiccan inmate population in an attempt to interfere with his practice of his religion. Plaintiff also claimed that defendants stole his religious property. On January 31, 2008, the court found that the complaint stated a colorable claim for relief against defendants Rutherford, Hilliard, Sauceda, Kowalczyk, Subia, Garcia, Chamberlin and Long. The court dismissed with thirty days to amend the claims against defendants Tilton, Kernan and Knipp. After thirty days passed, plaintiff did not file an amended complaint. Accordingly, on April 16, 2008, the court ordered service of the defendants linked to the claims found colorable in the January 31, 2008, order.

As stated above, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions until such administrative remedies as are available are

1   exhausted.  In the instant case, the court did not recognize this action as having been properly

2   commenced by the filing of plaintiff's June 11, 2008, criminal complaint.  Because this court told

3   plaintiff in the August 8, 2007, order that he could not proceed with this action unless he filed a

4   complaint, the court finds that he did not bring this action for purposes of § 1997e(e) until he

5   filed his operative complaint on September 11, 2007.  Because plaintiff exhausted his

6   administrative remedies before he filed this complaint, defendants' motion to dismiss should be

7   denied.

8          Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 21, 2008,

9   motion to dismiss (# 19) be denied.  If this recommendation is adopted by the district judge, the

10  defendants will be directed to file an answer within thirty days of adoption.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  09/15/08

20                                              /s/ Gregory G. Hollows
                                               _____
21                                              UNITED STATES MAGISTRATE JUDGE

22  rou1107.mtd

23

24

25

26

                                               4