IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

       Plaintiff,                      No. CIV S-07-1107 JAM GGH P

       vs.

K. RUTHERFORD, et al.,

       Defendants.                <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's August 31, 2009, motion to compel. For the following reasons, this motion is denied.

       In this motion, plaintiff requests that defendants produce three categories of documents:

       1. The actual confidential statements which the attached 1030's came from, showing that these were signed, sworn statements (see exhibit A)
       2. Those Grievances, and staff complaints that have been filed against the defendants.
       3. To make available for plaintiff to hear the actual recording of the taped conversation (see Exhibit B).

Motion to Compel, p. 1.

/////

1

In their September 15, 2009, opposition, defendants state that plaintiff has not previously requested the documents sought in request no. 1, i.e. confidential statements. Defendants also state that plaintiff not previously requested to hear recordings of taped conversations, as he now seeks in request no. 3. Because plaintiff has not previously sought this information from defendants, his motion to compel regarding request nos. 1 and 3 is denied.

Moreover, pursuant to the May 12, 2009, scheduling order, all discovery requests were due sixty days prior to September 4, 2009. The court will not construe request nos. 1 and 3 as initial discovery requests because they are untimely. In his opposition to the pending motion, plaintiff argues that he could not pursue discovery because on July 2, 2009, he was placed in administrative segregation while housed at Pleasant Valley State Prison (PVSP). Plaintiff alleges that while housed in ad seg, he was denied access to his legal property. On August 10, 2009, the court denied plaintiff's July 20, 2009, motion for access to his legal property because while he alleged that he was not permitted to have his legal property in his ad seg cell, it was not clear that he could not request that portions of his property be delivered to him. On August 13, 2009, plaintiff was transferred to California State Prison-Lancaster.

While plaintiff may not have had direct access to his legal property during the sixty days before September 4, 2009, he did not request an extension of time to conduct discovery. Moreover, plaintiff has had adequate opportunity to conduct discovery in this action. For these reasons, the court will not excuse plaintiff's untimely initial discovery requests contained in the motion to compel.

In the opposition, defendants state that plaintiff previously requested copies of all staff and citizen complaints filed against defendants. Defendants state that request no. 2 in the motion to compel may be addressing their response to this earlier request. Defendants previously objected to the request for all staff and citizen complaints against them on grounds that the request was overbroad. The court agrees. Not every staff or citizen complaint against defendants is relevant to this action. For that reason, the motion to compel as to request nos. 2. is denied.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's August 31, 2009, motion
2  to compel (no. 45) is denied.
3  DATED: October 19, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

rou1107.com