IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

       Plaintiff,                             No. CIV S-07-1107 JAM GGH P

      vs.

K. RUTHERFORD, et al.,

       Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On June 29, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations and defendants filed a reply.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by

proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 29, 2010, are adopted in full;

2. Plaintiff's April 6, 2009, motion for summary judgment (Doc. 32) is denied; and

3. Defendants' December 28, 2009, motion for summary judgment (Doc. 59), is granted and this case is closed.

DATED:   September 21, 2010

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

---

[1] In his objections, plaintiff states for the first time, that he is not eligible for parole until 2032 and does not receive good time credits. Plaintiff therefore concludes that the finding that many of his claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 648 (1997) was incorrect. However, it was set forth as undisputed fact that plaintiff received a 30 day credit forfeiture as a result of the disciplinary hearing that served as the basis for the instant case, which extended the length of his confinement. See June 29, 2010, Findings and Recommendations at 6; Motion for Summary Judgment at 25. Thus, plaintiff's challenge to the disciplinary hearing procedure is barred as a favorable judgment would imply the invalidity of the resulting loss of his 30 day time credits.